IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>RODERICK MANSON,       )<br>)<br>Defendant.      )<br>_____ ) | CRIMINAL ACTION NO.<br>1:17-cr-00249-MHC-LTW |

## FINAL REPORT AND RECOMMENDATION
## AND ORDER CERTIFYING THIS CASE READY FOR TRIAL

This matter is presently before the Court to determine the competency of Defendant Roderick Manson ("Defendant") to stand trial. On July 25, 2017, Defendant was indicted by the grand jury for conspiracy to possess with intent to distribute methylenedioxymethamphetamine (MDMA), marijuana, and cocaine in violation of Title 18, United States Code, Sections 846 and 841(b)(l)(C); possession with intent to distribute MDMA, marijuana, and cocaine in violation of Title 18, United States Code, Sections 841(a) and 841(b)(l)(C) and Title 18, United States Code, Section 2; and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Sections 924(c)(l)(A)(i) and 2. [Doc. 1].

Upon the request of the Defendant and the Government, the Defendant has undergone a series of psychological testing. [Docs. 85, 87, 100, 104]. The Court

has scheduled and rescheduled competency hearings and status conferences regarding the competency testing results numerous times. [Docs. 110; see also docket entry dates August 21, 2020, September 2, 2020, October 5, 2021, October 4. 2021]. Over the past four years that Defendant has undergone competency evaluations and competency restoration proceedings, the Court has received somewhat conflicting opinions as to Defendant's competency. [Docs. 111, 112, 117]. On or about October 29, 2020, Defense counsel and the Government agreed that Defendant was unable to stand trial to the extent that his intellectual and cognitive deficits would prevent him from being able to assist properly in his defense in relation to complex legal matters. [Doc. 133, at 2]. The parties also agreed that the next step in the proceedings was to have Defendant undergo a restoration evaluation pursuant to 18 U.S.C. § 4241(d)(l) to determine whether there is a substantial probability that, in the foreseeable future Defendant would regain competency. [Doc. 133, at 2-3]. This Court entered an Order directing the Federal Bureau of Prisons ("BOP"), Federal Correctional Institute Butner, North Carolina, to conduct a restoration evaluation of Defendant pursuant to 18 U.S.C. § 4241(d)(l). [Doc. 133]. Because of the health and safety concerns presented by the Covid-19 pandemic and the difficulties encountered by the BOP in transporting detainees to Atlanta from Butner, North Carolina, the Court also ordered the BOP to conduct a dangerousness evaluation, if possible. Id.

The Court is now in receipt of a Certification of Restoration of Competency signed by the Warden of the Federal Medical Center at Butner, North Carolina. [Doc. 145, filed under seal]. Therein, Dr. Tracy O'Connor Pennuto, J.D., Ph.D., a Neuropsychologist, opines that Defendant is not currently suffering from a mental disease or defect that would preclude his competency to stand trial. [Doc. 145, at 22]. Dr. O'Connor Pennuto also opines that:

> Mr. Manson's prognosis is good. Given that his intellectual functioning has been documented as stable over time and that the deficits in his intellectual abilities are not severe, his competency is not expected to change over time. His mood symptoms are currently well managed by his current medication regimen and should be continued. It will also be important for him to maintain compliance with medications for both his seizure disorder and hypertension. Mr. Manson is ready to be returned to court for resolution of his legal situation. His mental status is sufficiently stable at this time for transport.

[Doc. 145, at 20].

On October 5, 2021, this Court held a competency hearing.[1] At the hearing, the parties stipulated to the competency findings in Dr. O'Connor Pennuto's report. Based on the Defendant's concession that he is now competent to stand trial (i.e. able to understand the nature and consequences of the proceedings against him and to properly assist in his own defense) and the findings provided in the July 11, 2021 Forensic Evaluation, Defendant appears to now be competent to stand trial.

---

[1] Defendant, via his counsel, was informed of the competency hearing and declined to attend. Defendant consented to allow the competency hearing to proceed in his absence.

Accordingly, the undersigned reports that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Therefore, the undersigned **RECOMMENDS** that Defendant be found **COMPETENT** to stand trial. As there are no further motions pending, the undersigned hereby certifies this case ready for trial. The Clerk is directed to terminate the reference to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED**, this 14 day of October, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE